Shaw, C. J.
This petition raises a single question on the construction of the insolvent laws.
The original insolvent law, St. 1838, c. 163, § 19, made provision for cases, in which the creditors might commence insolvent proceedings, against the will of the debtor, in certain cases, indicative of insolvency. Some of these are, being arrested for debt and not giving bail; being imprisoned for debt more than thirty days ; or “ if any person whose goods, or estate are attached on mesne process,” &c., “ shall not, on or before the last day of the term of the court to which such process is returnable, dissolve the attachment.” The statute goes on to provide, that in either of these cases a creditor may, within ninety days, and not after, apply, &c.
By St. 1844, c. 178, § 9, in addition to these several causes for proceeding adversely against an insolvent, some others are stated, in which any of the creditors described may apply, &e., but no time is limited; and by § 12 the liability is extended to a debtor, whose goods are attached, and who shall not dissolve the attachment in fourteen days from the return day, or on or before the last day of the term, if the court shall rise sooner.
We have no doubt that the ninety days’ limitation, within which the petitioning creditor shall apply, as stated in the first act, extends to the cases enumerated in the second, though *102 not repeated. The act is in terms an act in addition, and all are to be taken together, so far as the later is not repugnant to any former act; it adds other cases to those existing, without changing the time within which the application' must be made.
But the main argument of the petitioner is, that although the former statute says, the return term, and the latter statute fixes very definitely fourteen days from the return day of the process, yet when, as in the present case, the debtor was out of the state, and for that cause the action was continued one term, as required by law, the second term, or term when the defend ant is bound to appear and plead, ought to be regarded as the return term, in analogy to the cases of pleas in abatement. Rathbone v. Rathbone, 4 Pick. 89; Robbins v. Hill, 12 Pick. 569. This analogy, we think, is not strong or direct enough to control the express words of the statute; and besides the eases do not stand on the same ground of principle.
If the property of a debtor is attached, it goes to satisfy an individual debt, if not intercepted, to the exclusion of the other creditors. But the policy of the insolvent laws is, that if a debtor’s property is to be appropriated by legal process, all the creditors shall share in it. The proceedings in insolvency, as provided for in these statutes, operate to defeat the particular attachment, and bring the attached property into equal distribution. They must therefore take place promptly, to accomplish this purpose. Now, although a debtor is out of the state, he may have left an attorney, he may appear by attorney, a valid judgment may be rendered against him, and the attached property seized and sold, as soon as an execution can issue, after twenty-four hours from the rising of the court. Perhaps it may not be too much to say, that it is the duty of a debtor leaving the state, and leaving debts due or becoming due, and property liable to attachment, to make provision for its being rightly administered. We think therefore it was not the intention of the statute to restrain a petitioning creditor, until the term, to which the action is continued, because the defendant is out of the state. Such construction would be repugnant to the plain provisions of the last act cited. The *103 right of the petitioning creditor to proceed accrues at the expiration of fourteen days from the return day of the process, and before it can be known, where, as in many counties, the term lasts several weeks, whether the defendant will appear, or whether the action will be continued.
The court are of opinion therefore, that the right of the petitioning creditor, to proceed against the debtor in insolvency, accrued at the rising of the court of common pleas in June, that the term of ninety days commenced at that time, and the petition not having been filed within that term, was rightly disallowed by the commissioner.

Petition dismissed